

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 04 CR 921 |
| DONALD S. TOMCZAK, et al. ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Nicola A. Cannatello's ("N. Cannatello") pretrial motions and on Defendant John Cannatello's ("J. Cannatello") pretrial motions. For the reasons stated below, we grant in part and deny in part the pretrial motions.

## DISCUSSION

### I. Motions for Disclosure of Exculpatory and Impeaching Evidence

N. Cannatello and J. Cannatello (collectively referred to as "the Cannatello Defendants") request that the court order the government to disclose all impeaching and exculpatory evidence in accordance with Federal Rule of Criminal Procedure

1

16(a)(1), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Agurs v. United States*, 427 U.S. 97 (1976), and *United States v. Bagley*, 473 U.S. 667 (1985). The government acknowledges its disclosure obligations and indicates that it has been forthcoming with all such information in the government's possession. The Cannatello Defendants have not shown that the government has failed to meet its disclosure obligations. Therefore, the Cannatello Defendants' motions are premature and are denied without prejudice.

## II. Motions Regarding Other Crimes, Wrongs, or Acts Evidence

The Cannatello Defendants request that the court order the government to give notice of its intention to use evidence of other crimes, wrongs, or acts in accordance with Federal Rules of Evidence 404(b) and 608(b). J. Cannatello requests that such notice be given by May 4, 2005, and N. Cannatello requests that such notice be given 28 days before trial. The government agrees to give notice of its intention to use evidence of other crimes, wrongs or acts by June 11, 2005, which is approximately 30 days before trial. We find that the June 11, 2005, deadline will provide the Cannatello Defendants with adequate notice. Therefore, we grant the Cannatello Defendants' motion seeking notice of the government's intention to use evidence of other crimes, wrongs, or acts, and we set June 11, 2005, as the deadline for such disclosures.

III. Motions to Sever

The Cannatello Defendants request that the court sever the charges brought against each of them and afford each of them their own individual trial pursuant to Federal Rules of Criminal Procedure 8(b) and 14. Rule 8(b) explains the requirements for a proper joinder of defendants and Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The Seventh Circuit has stated that a "district court should only grant a severance under Rule 14 of the Federal Rules of Criminal Procedure when there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." *U.S. v. Wilson*, 237 F.3d 827, 835 (7th Cir. 2001).

N. Cannatello argues that the charges brought against her are only based upon her alleged false representations whereas the charges against other Defendants involve an alleged conspiracy, payment of bribes, and the filing of false tax returns. N. Cannatello agues that the charges against her are not related to the charges against the other Defendants and that she will be prejudiced by being tried along side the other Defendants that have more serious charges brought against them. We have also considered the public interest and the interest of judicial economy and we are not convinced that a severance of the charges brought against N. Cannatello is

warranted and we deny her motion to sever.

J. Cannatello argues that of the twenty-seven count indictment, he is charged in only three counts and the charges against him are not sufficiently related to the charges against the other Defendants. J. Cannatello argues that he will be prejudiced by his association at trial with the other Defendants accused of more severe misconduct. J. Cannatello also argues that it is possible that statements by co-defendants in this action may be admitted. We have also considered the public interest and the interest of judicial economy and we do not find that a severance of the charges brought against J. Cannatello is warranted and we deny his motion to sever.

## IV. Motions For Preservation of Notes

The Cannatello Defendants request that the court order the government to preserve all typed or handwritten notes prepared by law enforcement officers or agents during the investigation of this case. The government does not oppose these motions. Therefore, we grant the motions.

## V. Motion for Early Return of Trial Subpoenas

N. Cannatello requests that the court order an early return of trial subpoenas pursuant to Federal Rule of Criminal Procedure 17(c). The government does not object to this motion and therefore, we grant the motion.

## VI. Motion for Discovery of Expert Testimony

J. Cannatello requests that the court order the government to disclose any expert witness that it intends to call at trial. The government indicates that it does not intend at this time to call an expert witness, but indicates that expert testimony may become necessary if there are certain developments during discovery. The government agrees to commit to a final decision regarding all expert witnesses that it will call and notify Defendants at least six weeks before the trial. Such notification is sufficient for Defendants. Therefore, we grant J. Cannatello's motion seeking the disclosure of expert witnesses and order the government to provide such a disclosure no later than six weeks before trial.

## VII. Motion for Bill of Particulars

J. Cannatello requests that the court order the government to produce a bill of particulars. Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure a court may direct the government to file a bill of particulars. Specifically, Rule 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). In deciding whether a bill of particulars is necessary, a court

must determine "whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *See U.S. v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991)(citing *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981)). In addition, the Seventh Circuit has found that a court does not abuse its discretion in denying a motion for bill of particulars where the "indictment indicated the statute under which defendants were being charged, set forth each of the elements constituting a violation of that statute, and provided sufficient details regarding the defendants conduct for which they were being charged." *U.S. v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

In the instant action, there is sufficient detail in the indictment and J. Cannatello has been given ample access to discovery materials that would enable J. Cannatello to address any of the concerns referenced in his motion. The government has maintained an open file policy during discovery and J. Cannatello has failed to show that a bill of particulars is warranted. Therefore, we deny J. Cannatello's motion for a bill of particulars.

## VIII. Motion to Adopt

J. Cannatello moves in a single sentence to adopt all motions filed by other Defendants. However, J. Cannatello fails to specify which motions he is adopting. In a case such as this, when there is a litany of pre-trial motions at issue, it is improper for a Defendant to adopt in general any motions brought by other

Defendants. All the pre-trial motions are not necessarily equally applicable to all Defendants. Therefore, we deny J. Cannatello's motion to adopt without prejudice. If J. Cannatello desires to adopt a motion filed by another Defendant, the motion must specify which motion is being adopted and we caution J. Cannatello not to adopt all motions unless all the motions are applicable and relevant to his position.

## CONCLUSION

Based on the foregoing analysis, we deny without prejudice the Cannatello Defendants' motions for the disclosure of impeaching and exculpatory evidence. We grant in part and deny in part the Cannatello Defendants' motions seeking the disclosure of an intention to use evidence of other crimes, wrongs, or bad acts evidence. We deny the Cannatello Defendants' motions to sever. We grant the Cannatello Defendants' motion seeking the preservation of notes. We grant N. Cannatello's motion for the early return of trial subpoenas. We grant J. Cannatello's motion for disclosure of expert testimony. We deny J. Cannatello's motion for a bill of particulars and we deny without prejudice J. Cannatello's motion to adopt.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 2, 2005